IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAX SEIFERT,                                )
                                            )
                    Plaintiff,              )
                                            )
v.                                          )        Case No. 08-2427-EFM
                                            )
KANSAS CITY KANSAS COMMUNITY                )
COLLEGE,                                    )
                                            )
                    Defendant.              )

## ORDER

This case comes before the court on the motion of the defendant, Kansas City Kansas Community College, to compel the plaintiff, Max Seifert, to answer deposition questions and interrogatories (**doc. 31**).  For the reasons that follow, defendant's motion is denied.

First, the motion to compel is untimely.  As the court specifically noted in the Scheduling Order,[1] D. Kan. Rule 37.1(b) requires that motions to compel discovery be filed within thirty days of the objection that is the subject of the motion unless the thirty-day deadline is extended for good cause shown.  Defendant's motion to compel challenges plaintiff's interrogatory objections that were served on May 21, 2009, and plaintiff's answers at a deposition that was held on June 5, 2009.  Defendant filed the motion on July 23,

---

[1]Doc. 6 at 3.e ("Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).")

O:\ORDERS\08-2427-EFM-31.wpd

2009—clearly past the thirty-day deadline.  Defendant does not even attempt to show good cause for an extension of the deadline.

Second, even if the motion to compel were timely, it is substantively inadequate. Defendant has provided no persuasive argument as to why the objections to interrogatories and deposition questions were improper.[2]

IT IS SO ORDERED.

Dated this 30th day of July, 2009, at Kansas City, Kansas.


 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[2]In its reply brief, defendant suggests that it need not submit an argument on the improper nature of plaintiff's interrogatory objections because the burden of proof was on plaintiff to substantiate the objections.  However, where an interrogatory does not, on its face, appear to seek relevant information, the burden is on the requester to show relevancy before a motion to compel will be granted.  *Delkhah v. Moore*, No. 04-2543, 2006 WL 681119, at *2 (D. Kan. March 14, 2006).