# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MAX SEIFERT,

      *Plaintiff*,

vs.

KANSAS CITY, KANSAS COMMUNITY COLLEGE, by and through its BOARD OF TRUSTEES,

      *Defendant*.

Case No. 08-2427-EFM

**MEMORANDUM AND ORDER**

This suit arises out of events surrounding the termination of Plaintiff Max Seifert's employment with Defendant Kansas City, Kansas Community College (KCKCC). Plaintiff brings this action under 42 U.S.C. § 1983, alleging that the termination of his employment with KCKCC deprived him of a protected property interest in violation of his Due Process rights under the 14th Amendment. Specifically, Seifert claims that KCKCC failed to offer him constitutionally mandated pre-termination and post-termination hearings. Presently before the Court is KCKCC's Motion for Summary Judgment (Doc. 39). For the following reasons, the Court grants in part, and denies in part, the motion.

-1-

# I. Background

This case stems from Seifert's employment with KCKCC. Seifert worked for KCKCC as a campus police officer from January 30, 2007, until he was terminated for insubordination on May 16, 2008. The catalyst for Seifert's termination was a traffic stop that occurred on April 4, 2008, where Seifert stopped Monica Roberts for speeding in a campus parking lot. Roberts objected to the stop and accused Seifert of being rude and disrespectful. Roberts later went to Seifert's supervisor, Chief Greg Schneider, to complain about Seifert's actions, and accused Seifert of racial discrimination and racial profiling. Following her complaint, Roberts remained with Chief Schneider in his office while he contacted Seifert and requested that Seifert come to his office. After arriving at Chief Schneider's office, Seifert refused to enter the room so long as Roberts was present. When Roberts left, Seifert then agreed to meet with Chief Schneider to discuss the traffic incident. Upon later request, Seifert attended an April 8, 2009 meeting with College Dean Leota Marks to further discuss the traffic incident. On April 9, 2008, Seifert again met with Chief Schneider in his office. Chief Schneider contends that during this meeting, he advised Seifert that he would have to impose some form of discipline on Seifert for his conduct on April 4, 2008 when he refused to meet with Roberts and Chief Schneider together. Conflict arose during their discussion, after which Seifert decided to end the meeting, and left Chief Schneider's office.

On April 10, 2008, Chief Schneider sent Dean Marks a memorandum recommending Seifert's termination due to his defiant and insubordinate actions on both April 4, 2008, and April 9, 2008. Thereafter, Chief Schneider met with Dean Marks and presented her with statements from staff members that had observed Seifert's actions during the two meetings.

On April 11, 2008, Dean Marks contacted Seifert by telephone and advised him that Chief Schneider had recommended his termination. Dean Marks then invited Seifert to attend a due process meeting to discuss the proposed termination. In response, Seifert asked whether he could have an attorney present at the meeting. Dean Marks denied his request and stated that only she and Chief Schneider would be present to meet with Seifert at such a meeting. Seifert stated that he would contact Dean Marks after meeting with his attorney. On April 18, 2008, Dean Marks sent Seifert a letter advising him of the suspension of his employment. Once again, Dean Marks invited Seifert to come in for a due process meeting to discuss the recommended termination of his employment. Seifert, however, did not accepted the invitation nor did he contact Dean Marks to schedule a due process meeting. On May 16, 2008, Seifert was notified that his employment had been terminated for insubordination and other disrespectful conduct.[1] On June 17, 2008, the college's Board of Trustees approved Seifert's termination in executive session.

Seifert filed this action alleging KCKCC violated his due process rights by failing to provide him with adequate pre-termination and post-termination hearings before depriving him of a protected property interest in his employment. Defendant's motion for summary judgment is presently before this Court.

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[2] "An issue of

---

[1] Seifert does not dispute that the May 16, 2008 letter identified the reasons for termination, but asserts that the letter failed to identify any factual basis behind those reasons.

[2] Fed. R. Civ. P. 56(c).

-3-

fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[3] A fact is "material" when "it is essential to the proper disposition of the claim."[4] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[5]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[6] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[7]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[8] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[9] Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[10]

---

[3] *Haynes v. Level 3 Commc'ns, L.L.C.*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[4] *Id.*

[5] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[6] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[7] *Id.* (citing *Celotex*, 477 U.S. at 325).

[8] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[9] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[10] *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## III. Analysis

Courts must engage in a two-step process to assess whether an individual was denied procedural due process. The Court must first determine whether the individual possessed a protected interest such that the due process protections were applicable, and if so, must then decide whether the individual was afforded an appropriate level of process.[11]

### a. Protected Interest

Seifert claims that KCKCC deprived him of a protected property interest in his employment by failing to afford him adequate pre-termination and post-termination procedures, thereby violating his due process rights. KCKCC asserts that the issue of whether Seifert had a constitutionally protected property interest in his employment is disputed, and therefore, that issue is inappropriate for summary judgment. Accordingly, KCKCC does not address that issue in its motion. Instead, KCKCC contends that, even assuming a protected property interest existed, it is entitled to summary judgment on Seifert's claims, as Seifert was provided sufficient procedural due process regarding his termination. Therefore, for purposes of this motion, we will analyze Seifert's claims as if he had a protected property interest in his employment.

### b. Due Process

The underlying issue is whether, as a matter of law, KCKCC provided Seifert with adequate due process procedures through both pre-termination and post-termination hearings. The level of process due involves both "a pretermination opportunity to respond, coupled with post-termination administrative procedures."[12] We will review each procedure in turn.

---

[11] *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996).

[12] *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547-48 (1985).

*1. Pre-Termination Hearing*

The "root requirement" for pre-termination due process is "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest."[13] "This principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment."[14] While the employee is entitled to the pre-termination hearing, such a hearing need not be elaborate; however, such a hearing must provide the employee: (1) oral or written notice of the charges against him; (2) an explanation of the employer's evidence; and (3) an opportunity for the employee to present his version of events.[15] The requirement for a pre-termination hearing is minimal, and a "brief face-to-face meeting with a supervisor provides sufficient notice and opportunity to respond to satisfy the pretermination due process requirements of *Loudermill*."[16] [T]he adequacy of pre-termination procedures must be examined in light of available post-termination procedures."[17] An abbreviated pre-termination hearing "is intended to supplement, not duplicate, the more elaborate post-termination hearing."[18]

In this case, Seifert claims that he was never informed of the alleged factual basis for his termination. Furthermore, Seifert asserts that he was not permitted to be represented by counsel and was never afforded the opportunity to examine and present witnesses and other evidence refuting the

---

[13] *Boddie v. Connecticut,* 401 U.S. 371, 379 (1971).

[14] *Loudermill,* 470 U.S. at 542.

[15] *Id.* at 545-46.

[16] *West v. Grand County*, 967 F.2d 362, 368 (10th Cir. 1992).

[17] *Langley v. Adams County, Colo.,* 987 F.2d 1473, 1480 (10th Cir. 1993).

[18] *Powell v. Mikulecky*, 891 F.2d 1454, 1458 (10th Cir. 1989).

alleged basis for his termination. Because of these failures, Seifert claims that he was deprived of his due process rights to challenge the termination of his employment prior to the adverse action.

KCKCC responded by claiming that it offered an adequate pre-termination process. KCKCC claims its pre-termination process included the opportunity to be heard, the opportunity for the employee to present his side, and an opportunity for Dean Marks to hear both sides' arguments and make an informed decision regarding Seifert's employment. Further, KCKCC claims that Seifert declined to participate in the due process review meetings that had been proposed to him on two occasions. Having declined to participate in the pre-termination hearing, KCKCC asserts that Seifert can no longer make a valid claim for deprivation of due process.

In discussing the adequacy of the pre-termination meeting that had been proposed to Seifert, KCKCC claims that a full evidentiary hearing is not required prior to it taking an adverse employment action and that a minor face-to-face meeting is sufficient to meet the required due process standard. KCKCC argues that had Seifert attended the proposed pre-termination hearing, the grounds for Seifert's termination would have been discussed, and Seifert could have provided his response to the allegations made against him. Furthermore, KCKCC claims that there is no policy requiring it to allow employees to be represented by counsel at such pre-termination hearings, and therefore, the proposed pre-termination hearing was sufficient to satisfy the Seifert's due process rights.

As established in *Loudermill*, a pre-termination hearing does not need to be elaborate and requires only that the employee be given notice of the charges against him, an explanation of the employer's evidence against him, and an opportunity to present his side of the story. There is no

requirement that a plaintiff be awarded the opportunity to obtain counsel or address witnesses at this pre-termination stage. Although Seifert claims that he was never informed of the exact reason for his discharge before being terminated, had he attended the proposed due process meeting with Dean Marks and Chief Schneider, the reason for his termination would have been addressed. Furthermore, at that meeting, Seifert would have had the opportunity to present his side of the story, and to hear the allegations and evidence against him. Moreover, Seifert cannot claim any insufficiency of the pre-termination process where he failed to avail himself of the opportunity provided to him. Accordingly, we find that Seifert was not deprived of due process with regard to the pre-termination hearing.

### *2. Post-Termination Hearing*

In addition to the pre-termination hearing, the availability of an adequate post-termination hearing is also required.[19] "Because the post-termination hearing is where the definitive fact-finding occurs, there is an obvious need for more formal due process protections at that point."[20] A adequate post-termination hearing "is understood to include the right to representation by an attorney and the right to cross-examine adverse witnesses."[21]

Seifert contends that he was never provided with an adequate means to challenge the termination of his employment with KCKCC. Seifert claims that he was never provided with a post-

---

[19]*Calhoun v. Gaines*, 982 F.2d 1470, 1476 (10th Cir. 1992) (holding that "*Loudermill* established that some form of pretermination hearing, plus a full-blown adversarial post-termination hearing," are both required to satisfy an employees due process rights when the employee has a property interest in continued employment).

[20]*Powell,* 891 F.2d at 1458.

[21]*Workman v. Jordan,* 32 F.3d 475, 480 (10th Cir. 1994); *see also Langley,* 987 F.2d at 1480 (quoting *Melton v. City of Okla. City,* 928 F.2d 920, 939 (10th Cir. 1991) (Logan, J., dissenting)) ("[I]f pre-termination hearing is limited as in *Loudermill*, post-termination hearing must include the right to representation by an attorney and to present evidence and to confront and cross-examine witnesses who have made the accusations").

termination hearing because employees were not entitled to appear at executive session for the Board of Trustees, and KCKCC provides no other hearings after the termination of employment. Seifert reasons that abbreviated pre-termination hearings are permitted, but only if it is followed by a more elaborate post-termination hearing. Additionally, he claims post-termination hearings are required unless the pre-termination equated to a full-blown hearing. Finally, Seifert contends that his failure to participate in the inadequate pre-termination process did not amount to him waiving his right to a subsequent, and more elaborate, post-termination hearing.

In response, KCKCC argues that Seifert was not entitled to any further post-termination hearing, and that the proposed pre-termination hearing, which Seifert refused to attend, was sufficient to satisfy Seifert's due process rights. KCKCC claims that Seifert waived his right to post-termination process by failing to take advantage of the pre-termination hearing. Additionally, KCKCC asserts that although there is no established procedure for terminated employees to address the Board of Trustees, it is possible for employees to appear at regular Board meetings and to meet with the Board in executive session to discuss their termination.

Post-termination procedures are to be examined in light of the pre-termination opportunities that had been offered to an employee.[22] When there is an abbreviated pre-termination hearing such as that provided to Seifert, a more elaborate post-termination hearing is required.[23] Among other things, this entails the ability of the Plaintiff to obtain counsel and to examine witnesses. It is upon this issue of post-termination procedures that summary judgment is improper. The parties dispute whether Seifert was provided with any post-termination procedures to challenge his termination, a

---

[22]*Langley*, 987 F.2d at 1480.

[23]*See Powell*, 891 F.2d at 1458.

dispute that shows a genuine issue of material fact. Accordingly, the existence of a genuine issue of material fact precludes the court from allotting summary judgment to KCKCC at this time. The parties' briefs fail to adequately discuss the existence or non-existence of more formal post-termination procedures that may have been available to Seifert. It cannot be said that Seifert simply waived his right to the elaborate post-termination hearing simply by refusing to attend what he believed to be an inadequate pre-termination hearing, which did not permit him to have counsel present and was less than a full adversarial proceeding. Therefore, in light of unclear post-termination procedures available to Seifert, summary judgment is not proper at this time.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Kansas City, Kansas Community College's Motion for Summary Judgment (Doc. 39) is hereby GRANTED in part, and DENIED in part.

**IT IS SO ORDERED.**

Dated this 14th day of December, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE